IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:07-CV-88-BO

| | | |
|---|---|---|
| CAROLYN T. AUSTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| FIRST CITIZENS BANK & TRUST | ) | |
| COMPANY and MAUREEN GOODE, | ) | |
| as Fiduciary, Agent, and Employee of | ) | |
| First-Citizens Bank & Trust Company, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion to Dismiss. Defendant argues that all of Plaintiff's claims must be dismissed for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendants' Motion is GRANTED IN PART and DENIED IN PART.

I. BACKGROUND

Plaintiff, Carolyn T. Austin, was employed by Defendant, First Citizens Bank & Trust, from March 1970 through June 2003 as an Area Operations Manager II. As part of her employment, Plaintiff participated in a short and long term disability plan that she paid for herself. This disability plan was protected by ERISA.

On July 16, 2003, Plaintiff filed a claim for disability benefits under the plan, claiming that as of June 28, 2003, she was unable to continue working in her current position. The plan service provider, UNUM Insurance Company, issued two late payments prior to approving her

1

claim, however, UNUM discontinued plan benefits on April 16, 2004. Plaintiff alleges that the payments discontinued due to untrue and misleading information provided by Defendants regarding her job description. Plaintiff proceeded with administrative actions in order to have her denial of benefits reviewed. This review took over two years to complete. In August 2006, UNUM determined that Defendants had provided untrue and misleading information regarding Plaintiff.

Plaintiff alleges that due to the false and misleading statements provided by Defendants, she was forced to refinance her home and take an early distribution of her 401K in order to support herself. This caused her to incur an unnecessary tax burden and suffer a greatly diminished value of her 401K funds. Plaintiff has filed the following claims against Defendants, breach of fiduciary duty pursuant to ERISA §§ 502(a)(2) and (a)(3), 29 U.S.C. § 1132 (a)(2)(3), and ERISA § 404(a), 29 U.S.C. § 1109(a), and breach of contract. Additionally, Plaintiff seeks damages for pain and suffering and reasonable attorney's fees.

II.  MOTION TO DISMISS

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *See Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Thus, the issues before the court are questions of law. Such a motion should only be granted when "it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Id.*

1.  ERISA Claims

2

Plaintiff claims that Defendants breached their fiduciary duty pursuant to ERISA §§ 502(a)(2), (a)(3), and 409(a). Section 502(a)(2) simply allows a plan participant to bring a civil action "for appropriate relief," 29 U.S.C. § 1132(a)(2), while § 409(a) is relied upon by Plaintiff as the substantive basis for her claim. Defendants argue that § 409(a) requires the fiduciary "to make good to such plan any losses to the plan" and does not allow an individual participant to recover from a fiduciary who acted unlawfully. 29 U.S.C. § 1109(a). In short, Defendant argues, § 409(a) protects the plan, not the individual. Defendants also argue that Plaintiff cannot recover pursuant to § 502(a)(3) for personal, monetary losses, but rather can only seek equitable relief. Because Plaintiff does not seek equitable relief, Defendant argues, her claim must be dismissed.

The Supreme Court in *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S.134, "held that a participant in a disability plan that paid a fixed level of benefits could not bring suit under § 502(a)(2)" of ERISA. *LaRue v. DeWolff, Boberg & Assocs.*, 128 S. Ct. 1020, 1022 (2008). In *LaRue*, however, the Court held that where the plan was a defined contribution plan,[1] an individual participant could bring suit for the impairment of the value of plan assets due to a breach of fiduciary duty. *Id.* at 1026. This holding is narrowed by the clear limitation that "§ 502(a)(2) does not provide for individual injuries distinct from plan injuries." *Id.* The parties disagree as to whether or not Plaintiff's plan was a defined contribution plan or a defined benefit plan. At this stage Plaintiff has sufficiently pled a claim for relief as the factual question raised here is more appropriately reviewed on a Motion for Summary Judgment.

Although Plaintiff's claim pursuant to § 502(a)(2) claim survives, her § 502(a)(3) claim

---

[1] A defined contribution plan is one in which the payments under the plan are largely dependent on the performance of the investments, whereas a defined benefit plan supplies a fixed level of income to the participant. *See LaRue*, 128 S. Ct. at 1022 n.1.

3

must be dismissed. *Great-West Life & Annuity Ins. Co. v Knudson*, 534 U.S. 204 (2002), makes plain that equitable relief is the only form of relief available to a plaintiff under § 502(a)(3). Further, the Supreme Court limits equitable relief to "those categories of relief that were *typically* available in equity." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993). Contrary to Plaintiff's assertion, the holding in *Knudson* is not limited to claims brought by fiduciaries, but applies to all claims brought under § 502(a)(3). As cited in the section of *Knudson* relied upon by Plaintiff, the Court is referring to § 502(a)(1)(B), not § 502(a)(3), when it explains that "Congress did not extend the same authorization to fiduciaries" that it did to beneficiaries. *Knudson*, at 220-221. Because Plaintiff seeks only legal relief, her claim is not authorized under § 502(a)(3).

2. State Law Claims

Plaintiff alleges that Defendants' actions were in breach of contract and seeks damages for pain and suffering. Defendant argues that Plaintiff's state law claims are preempted by § 514(a) of ERISA, which states that "the provisions of [ERISA] shall supercede any and all State laws insofar as they now or hereafter related to any employee benefit plan." 29 U.S.C. § 1144(a). This clause is "deliberately expansive and designed to establish [employee benefit] plan regulation as exclusively a federal concern." *Pilot Life Ins. Co. v. Dedaux*, 481 U.S. 41, 47-48 (1987). Additionally, "ERISA's preemptive scope is not limited to state laws specifically designed to affect employee benefit plans." *Wilmington Shipping Co. v. New England Life Ins. Co.*, 496 F.3d 326, 341 (4th Cir. 2007). That said, ERISA preemption is not boundless. *Id.* at 341-42.

In light of the difficulty in defining "related to," the Supreme Court instead looks "to the

objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive [preemption]." *New York State Conference of Blue Cross & Blue Shied Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656 (1995). In *Travelers*, the Court detailed three categories of state law that are preempted by ERISA: "(1) laws that mandate employee benefit structures or their administration; (2) laws that bind employers or plan administrators to particular choices or preclude uniform administrative practice; and (3) laws providing alternate enforcement mechanisms for employees to obtain ERISA plan benefits." *Wilmington Shipping*, at 342 (quoting *Travelers*, at 658-659).

It is not clear at this stage of the proceedings that Plaintiff's claims fall within one of these three categories or that they are otherwise preempted. While it is true that alleging the same facts for a claim under ERISA and a state law claim is an indication that the two conflict and that the state law claim is preempted, *see Wilmington Shipping* at 342, at this time the viability of Plaintiff's remaining ERISA claim is not established. Thus, dismissing Plaintiff's state law claims would be premature. Defendants also assert that Plaintiff's state law claims should be dismissed for failure to state a claim, however, Plaintiff's claims are sufficiently pled.

Accordingly, Defendant's Motion to Dismiss is GRANTED with respect to Plaintiff's claim pursuant to ERISA § 502(a)(3) and DENIED with respect to Plaintiff's remaining claims.

SO ORDERED, this 28 day of July 2008.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5

Case 4:07-cv-00088-BO   Document 43   Filed 07/29/08   Page 5 of 5